Sealed

to this instrument are
prohibited by court order.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
**FILED**

JUN 0 2 2015

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Criminal No.  B - 15 - 472** |
| | § | |
| **BRANDON KYLE PHILLIPS** | § | |
| **CODY DAVIS PHILLIPS** | § | |
| **GEORGIA MORRIS PHILLIPS** | § | |
| **JAMES THOMAS PHILLIPS** | § | |

## SEALED INDICTMENT

**THE GRAND JURY CHARGES:**

At all times material to this Indictment:

### THE TEXAS MEDICAID PROGRAM

1.      The federal Medical Assistance program (commonly known as the Medicaid program), was a federal health care benefit program signed into law in 1965, as Title XIX of the Social Security Act, for the purpose of providing joint state and federal funds to pay for medical benefits items or medical services furnished to individuals of low income who were qualified and enrolled as Medicaid beneficiaries.   States desiring to participate in, and receive funding from, the federal Medicaid program were required to develop a "state plan" for medical assistance and obtain approval of the plan from the United States Department of Health and Human Services.   Upon approval of its state plan, each individual state administered its own Medicaid program, subject to the requirements of the state plan, the Social Security Act, the United States Department of Health and Human Services and all other applicable state and federal laws.

1

2. The Texas Medical Assistance Program also known as the Texas Medicaid program (herein after referred to as "Texas Medicaid"), was implemented under the provisions of Title XIX of the federal Social Security Act and Chapter 32 of the Texas Human Resources Code, for the purpose of providing joint state and federal funds to pay for medical benefits items or medical services furnished to individuals of low income who were qualified and enrolled as Texas Medicaid beneficiaries. Texas Medicaid was a "health care benefit program" as defined by Title 18, United States Code, Section 24(b).

3. Texas Medicaid assigned every person qualified and enrolled as a Texas Medicaid beneficiary a unique personal Texas Medicaid identification number known as a Patient Control Number ("PCN").

4. The Texas governmental agency known as the Health and Human Services Commission ("HHSC") was the single state Medicaid agency in Texas responsible, subject to oversight by the federal government, for administering the Texas Medicaid program at the state level. Federal funding was only available to the Texas Medicaid program as long as the Texas Medicaid program complied with the terms and requirements of the state plan, the Social Security Act, the United States Department of Health and Human Services, and all other applicable state and federal laws, and with the rules and regulations established by both the federal government and the State of Texas pertaining to Texas Medicaid.

5. The Texas Medicaid & Healthcare Partnership (hereinafter referred to as "TMHP") was under contract with HHSC to provide certain administrative functions such as provider enrollment, claims processing and payment, and published the Texas Medicaid Provider Procedures Manual which contained the rules and regulations of the Texas Medicaid program established by the state plan and by HHSC. The Texas Medicaid Provider Procedures Manual,

2

bulletins, and banner messages were distributed and available to all Texas Medicaid providers and contained the rules and regulations pertaining to Medicaid-covered services, and instructions on how to appropriately bill for services provided to Medicaid beneficiaries.

6.     Texas Medicaid funds were intended to pay for covered medical services furnished to Texas Medicaid beneficiaries, by enrolled Texas Medicaid providers, when such medical services were furnished in accordance with all of the rules, regulations, and laws which governed Texas Medicaid.   Covered Texas Medicaid services included medial services and procedures furnished by physicians and other health care professionals in their offices as well as certain therapy services described in paragraph 8.

7.     A person or entity that desired to become a Texas Medicaid provider was required to submit an application and sign an agreement which included a promise to comply with all Texas Medicaid related laws and regulations.   Texas Medicaid assigned a unique Texas Provider Identifier ("TPI") number to each approved Texas Medicaid provider.   A person or entity with a TPI number could file claims, also known as bills, with Texas Medicaid to obtain reimbursement for covered medical services which were furnished to Texas Medicaid beneficiaries in accordance with the rules, regulations, and laws pertaining to the Medicaid program.

## TEXAS MEDICAID COVERAGE FOR CORFS

8.     Texas Medicaid would pay reimbursement for medical services, including therapy services at comprehensive outpatient rehabilitation facilities (hereinafter referred to as "CORFs"), which were prescribed by the beneficiary's physician and medically necessary to the treatment of the beneficiary's illness, injury, or condition.   CORFs providers must be certified by the Medicare program, have a valid provider agreement with the Texas Health and Human Services Commission, and have documentation that the TMHP enrollment process has been completed.

3

CORFs can bill only outpatient rehabilitation services to Texas Medicaid for comprehensive care program (CCP) clients and all CORF services require prior authorization. Clients receiving therapy services reimbursed by CCP must have conditions that require ongoing medical supervision. To establish medical necessity, a physician's prescription and a revised therapy treatment plan are required at least once every 6 months.

9.      Therapy services for acute conditions are reimbursed by Texas Medicaid. Providers must consistently describe the treatment throughout documentation and provide a sufficient explanation as to how the requested services correct or ameliorate the client's disability or physical or mental illness or condition. The documentation must support the medical necessity clearly and consistently and must describe the client's current diagnosis, functional status, and condition.

10.     CORF services, including physical therapy (PT), occupational therapy (OT), and speech therapy (ST), require prior authorization. Providers must use modifier codes GN (ST), GO (OT), or GP (PT) to identify the type of therapy being requested. Providers must file claims with these modifiers to identify the type of therapy performed. Claims received without the appropriate modifiers are denied with the explanation of benefit (EOB). PT, OT, and ST evaluations should be billed using appropriate procedure codes. These codes should be billed with a quantity of 1 for each type of therapy performed (PT, OT, or ST), regardless of the time spent with the client. PT, OT, and ST encounters should be billed in increments of 15 minutes (i.e. a quantity of 1 equals 15 minutes; a quantity of 2 equals 30 minutes, etc.).

11.     Providers can only bill for time spent with the client present, including assisting the client with learning to use adaptive equipment and assistive technology. The evaluation and reevaluation procedure codes are inclusive payments that include the written report and other

4

administrative tasks. Evaluations and reevaluations are reimbursed as a per-evaluation or reevaluation encounter with a quantity of 1. An evaluation and therapy of the same discipline/type are not reimbursable when they are performed on the same date of service, e.g., PT evaluation and PT encounters are not payable for the same date of service. OT, PT, and ST evaluations can be reimbursed once per 6 months to any provider. OT, PT, and ST reevaluations can be reimbursed once per month to any provider. An evaluation or reevaluation performed on a more frequent basis would be outside the current benefit limitations and would only be considered for reimbursement with prior authorization or written documentation of medical necessity. CORFS are subject to a maximum of 8 units (2 hours) each of PT, OT, or ST services per date of service, per client.

    12.    The documentation retained in the client's file must include the billable start time, billable stop time, total billable minutes, and activity that was performed.

    13.    A request for prior authorization must include documentation from the provider that supports the medical necessity of the service. The initial therapy request must include the following:

    a.)    A Request for Initial Outpatient Therapy (Form TP-1) that has been signed and dated by the therapist and physician.

    b.)    A copy of the current evaluation that has been signed and dated by the therapist

    c.)    Documentation that indicates the treatment goals

    d.)    Documentation that indicates the anticipated measurable progress toward goals.

    e.)    Documentation that explains the client's gross or fine motor delays or expressive or receptive delays in years or months compared to chronological age.

The extension of the therapy request must include the following:

a.) A Request of Extension of Outpatient Therapy (Form TP-2) signed and dated by the therapist and physician.

b.) A summary statement of measurable progress made during the treatment period.

c.) Documentation indicating new treatment goals.

d.) Documentation indicating anticipated measurable progress for the next treatment period.

All physician and provider signatures on the TP-1 and TP-2 forms, physician orders, and other documentation must be current, unaltered, original, handwritten, and dated. Computerized or stamped signatures and dates are not accepted.

14.    To receive reimbursement from Texas Medicaid for medical services to beneficiaries, Texas Medicaid providers submitted or caused the submission of claims to Texas Medicaid, either directly or through a billing company. Claims could be submitted either in paper form or electronically. Texas Medicaid providers could only submit claims on or after the "date of service" to the beneficiary. For CORFs, the date of service referred to the date on which the therapy service was provided to, and accepted by, the Texas Medicaid beneficiary.

15.    CORFs providers in Texas were required to submit their Texas Medicaid bills or claims to TMHP. Although providers may have sometimes submitted claims in groups for efficiency, every claim was considered individually. Texas Medicaid CORFs providers must submit services provided by CORFs in an approved electronic claims format, a CMS-1500, or UB-04 CMS-1450 claim form from the vendor of their choice. The procedure codes that CORFs use are UB-04 CMS-1450 revenue or CPT codes. The only POS is outpatient facility (i.e. POS

6

5).  Claims to Texas Medicaid were paid either by paper check delivered to the United States Postal Service or by wire or radio transmissions, in transactions known as electronic funds transfers.

16.     For each claim submitted, the Texas Medicaid provider certified, among other things, that: (a) the information on the claim form was true, accurate, and complete; (b) the therapy services had been provided to the Texas Medicaid beneficiary; and (c) the therapy services listed on the claim were medically indicated and necessary to the health of the Texas Medicaid beneficiary.

## CHILDREN FIRST PEDIATRIC REHABILITATION, GEORGIA PHILLIPS, L.L.C., AND THE DEFENDANTS

17.     Children First Pediatric Rehabilitation Clinic (hereinafter referred to as CFPR) and Georgia M. Phillips, LLC ostensibly provided children's therapy services to Texas Medicaid beneficiaries (hereinafter referred to as beneficiaries) in Cameron County, Texas.  CFPR was located at 597 Sesame Drive, Suite C in Harlingen, Texas.   Georgia M. Phillips, LLC was located at 2600 Old Alice Road, Suite D in Brownsville, Texas

18.     Defendant Cody Davis Phillips was the owner and operator of CFPR.

19.     Defendant James Thomas Phillips was the administrator for CFPR.   Additionally, Defendant James Phillips was a part owner and administrator for Georgia M. Phillips, LLC.

20.     Defendant Georgia Morris Phillips was a speech language pathologist and speech language pathologist supervisor for CFPR.   Additionally, Defendant Georgia Morris Phillips was a part owner and speech language pathologist for Georgia M. Phillips, LLC.

21.     Defendant Brandon Kyle Phillips was the biller and information technology expert for both CFPR and Georgia M. Phillips, LLC.

7

22.     On or about May 10, 2004, CFPR became enrolled as a provider in the Texas Medicaid program.   Texas Provider Identifier (TPI) #1636607 was assigned to CFPR.   National Provider Identifier (NPI) #1184665317 was assigned to CFPR.

23.     On or about November 20, 2003, Georgia M. Phillips, LLC became enrolled as a provider in the Texas Medicaid program.   Texas Provider Identifier (TPI) #1613721 was assigned to Georgia M. Phillips.   National Provider Identifier (NPI) #1366468050 was assigned to Georgia M. Phillips.

## TEXAS MEDICAID BILLINGS AND PAYMENTS

24.     From on or about May 1, 2009 to May 31, 2012, defendants BRANDON KYLE PHILLIPS, CODY DAVIS PHILLIPS, and JAMES THOMAS PHILLIPS, on behalf of Children First Pediatric Rehabilitation (CFPR), submitted or caused others to submit false and fraudulent claims in the approximate aggregate sum of $614,710.00 to Texas Medicaid, for children's therapy services which were not provided to Texas Medicaid beneficiaries.   As a result of said false and fraudulent claims, Texas Medicaid, paid the approximate aggregate sum of $354,744.59.

25.     From on or about March 1, 2009 through February 28, 2012, defendants, BRANDON KYLE PHILLIPS, GEORGIA MORRIS PHILLIPS, and JAMES THOMAS PHILLIPS, on behalf of Georgia M. Phillips, LLC, submitted or caused others to submit false and fraudulent claims in the approximate aggregate sum of $158,635.00 to Texas Medicaid, for children's therapy services which were not provided to Texas Medicaid beneficiaries.   As a result of said false and fraudulent claims, Texas Medicaid, paid the approximate aggregate sum of $67,002.48.

8

## COUNT ONE
## CONSPIRACY TO COMMIT HEALTH CARE FRAUD

26.    The Grand Jury incorporates by reference paragraphs 1 through 25 as though fully restated and re-alleged herein.

27.    Beginning on or about May 1, 2009 and continuing until on or through May 31, 2012, in the Brownsville Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the exact dates being unknown to the Grand Jury, defendants,

**BRANDON KYLE PHILLIPS
CODY DAVIS PHILLIPS
GEORGIA MORRIS PHILLIPS
and
JAMES THOMAS PHILLIPS**

did conspire and agree together, with each other, and with other persons known and unknown to the Grand Jury, to knowingly and willfully, in violation of Title 18, United States Code, Section 1347, execute a scheme and artifice to defraud the health care benefit program known as Texas Medicaid or to obtain, by false or fraudulent pretenses, representations, or promises, any of the money and or property owned by or under the control of said health care benefit program in connection with the delivery of or payment for health care benefits, items, and medical services.

All in violation of Title 18, United States Code, Section 1349.

## OBJECT OF CONSPIRACY

28.    The object and purpose of the conspiracy and scheme was to defraud the health care benefit program known as Texas Medicaid, and to obtain by false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of the health care benefit program known as Texas Medicaid, in connection with the delivery of, or payment for, health care benefits, items, or medical services.

9

## MANNER AND MEANS

29.   In order to execute and carry out their illegal activities, defendants committed the following acts:

(a)   Defendants submitted or caused others to submit claims with Texas Medicaid for reimbursement of children's therapy services that were not provided, such as billing for children's therapy on dates when the beneficiaries did not receive therapy or go to the therapy clinic.   Therapy records show that the beneficiaries did not receive therapy for the dates of service that the defendant billed Texas Medicaid.   The defendants filed or caused others to file the claims with Texas Medicaid knowing that said claims were false and fraudulent since therapy services for the beneficiaries were not provided.

(b)   Defendants billed or caused others to bill Texas Medicaid for children's therapy services on dates when the beneficiaries cancelled appointments, did not show for appointments, and/or otherwise did not receive therapy.

(c)   The defendants submitted duplicate claims or caused others to submit duplicate claims for children's therapy services for dates when they had already billed Texas Medicaid, including for dates when the recipients did not receive therapy services. Texas Medicaid claims data shows that the defendant repeatedly billed Texas Medicaid twice for a single therapy session.   Therapy records also show that on numerous occasions, the recipients did not receive any therapy for dates when the defendants billed Texas Medicaid twice for therapy services.

(d)   The defendants overbilled or caused others to overbill Texas Medicaid for more therapy services than that which were provided to recipients.   Claims records show that the defendants billed Texas Medicaid for more units of therapy than the number of units actually received by the beneficiaries and accounted for in the therapy records.

(e)   Witnesses, who noticed the false and fraudulent claims and scheme to defraud, brought the issues to the defendants' attention, and the defendants continued to submit false and fraudulent claims.

(f)   In submitting provider enrollment documents to Medicaid, the defendants used the identifying information of an employee without her permission.   Specifically, the employee's signature was forged on enrollment documents, and the employee's personal information, including her name and date of birth, were used without her consent on documents submitted by the defendants to TMHP.   A false social security number was also used in connection with the employee. The defendants submitted the fraudulent enrollment documents via mail through the United States Postal Service and the United Parcel Service.

10

(g)    During and in relation to their fraudulent conduct and to further their scheme and artifice to defraud Texas Medicaid, the defendants knowingly transferred, possessed, or used or knowingly caused others to transfer, possess, or use, without lawful authority, one of more means of identification of Texas Medicaid beneficiaries which they used to execute their scheme and artifice to commit health care fraud.

## ACTS IN FURTHERANCE OF CONSPIRACY

30.    See Counts 2-6 (paragraph 32) and Counts 10-14 (paragraph 38) below.

## CHILDREN FIRST PEDIATRIC REHABILITATION CLINIC

### COUNTS TWO THROUGH SIX
### HEALTH CARE FRAUD

31.    The Grand Jury incorporates by reference paragraphs 1 through 25 and paragraph 29 as though fully restated and re-alleged herein.

32.    Beginning on or about May 1, 2009 through May 31, 2012, in the Brownsville Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the exact dates being unknown to the Grand Jury, defendants,

### BRANDON KYLE PHILLIPS
### CODY DAVIS PHILLIPS
### and
### JAMES THOMAS PHILLIPS

aiding and abetting one another, did knowingly and willfully execute or attempt to execute a scheme or artifice to defraud the health care benefit program known as Texas Medicaid, or to obtain by false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of the health care benefit program known as Texas Medicaid, in connection with the delivery of, or payment for, health care benefits, items, or services. Defendant submitted, aided, abetted, counseled, commanded, induced, procured or otherwise facilitated or caused each other and others to submit false and fraudulent claims to Texas

11

Medicaid, for medical benefits, items, and services which were not provided, including, but not limited to the following:

| Count | Patient | Last 4 Digits of Patient Medicaid Number | Date of Alleged Service (On or about) | Date Billed by CFPR (On or about) | Amount Billed by CFPR | Reason Claim Was False and Fraudulent |
|-------|---------|------------------------------------------|---------------------------------------|-----------------------------------|-----------------------|----------------------------------------|
| 2 | S.B. | 3046 | 6/24/10 | 7/8/10 | $270.00 | CFPR billed for more units of therapy services than which were provided.  Additionally, CFPR had previously billed for the same date of service and received reimbursement. |
| 3 | J.P. | 8836 | 7/7/10 | 7/30/10 | $180.00 | CFPR had previously billed for the same date of service and received reimbursement. |
| 4 | P.D. | 2933 | 2/2/11 | 2/4/11 | $180.00 | Therapy services were not provided.   Appointment was cancelled as it was "too cold." |
| 5 | J.D. | 0640 | 4/13/11 | 4/14/11 | $180.00 | Therapy services were not provided.   Appointment was cancelled as patient was "sick." |
| 6 | E.L. | 5628 | 6/20/11 | 6/24/11 | $280.00 | No services were provided. Records indicate that patient did not "show" for appointment. |

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT SEVEN
## AGGRAVATED IDENTITY THEFT

33.    The Grand Jury incorporates by reference paragraphs 1 through 25 and paragraph 29 as though fully restated and re-alleged herein.

12

34. Beginning on or about May 1, 2009 through May 1, 2012, in the Brownsville Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the exact dates being unknown to the Grand Jury, defendants,

**BRANDON KYLE PHILLIPS**
**CODY DAVIS PHILLIPS**
**and**
**JAMES THOMAS PHILLIPS**

during and in relation to a felony violation of Title 18, United States Code, Section 1347, Health Care Fraud, aiding and abetting one another, did knowingly transfer, possess, or use, without lawful authority, a means of identification of another person, including but not limited to the following:

| Count | Patient | Last 4 Digits of Patient Medicaid Number | Date of Alleged Service (On or about) | Date Billed by CFPR (On or About) | Amount Billed by CFPR | Reason Claim Was False or Fraudulent | Means of ID Used Without Lawful Authority on False and Fraudulent Claim |
|-------|---------|------------------------------------------|----------------------------------------|------------------------------------|-----------------------|--------------------------------------|--------------------------------------------------------------------------|
| 7 | J.D. | 0640 | 4/13/11 | 4/14/11 | $180.00 | Therapy services were not provided. Appointment was cancelled as patient was "sick." | Patient's Medicaid Number |

All in violation of Title 18, United States Codes, Sections 1028A and 2.

**COUNTS EIGHT THROUGH NINE**
**MAIL FRAUD**

35. The Grand Jury incorporates by reference paragraphs 1 through 25 and paragraph 29 as though fully restated and re-alleged herein.

36.    Beginning on or about May 1, 2009 through May 31, 2012, in the Brownsville Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the exact dates being unknown to the Grand Jury, defendants,

**BRANDON KYLE PHILLIPS**
**CODY DAVIS PHILLIPS**
**and**
**JAMES THOMAS PHILLIPS**

having devised and having intended to devise a scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, for the purpose of executing a such scheme or artifice to obtain approval for enrollment into the Texas Medicaid program, aiding and abetting one another, did place in any post office or authorized depository for mail, enrollment documents purportedly completed and signed by S.M. when S.M. did not complete, sign, or submit said forms and did not authorize anyone on her behalf to complete, sign, or submit said forms, including, but not limited to the following:

| Count | Victim | Documents Deposited in Mail | Method of Mail Used | Reason Documents Were Fraudulent | Date Forms Deposited in Mail (On or about) |
|-------|--------|------------------------------|---------------------|-----------------------------------|---------------------------------------------|
| 8 | S.M. | Provider enrollment forms addressed to TMHP | United States Postal Service | Forms were filled out and mailed with S.M.'s name and identifiers without her consent.   S.M.'s signature was forged, and a false social security number was used. | 10/8/10 |
| 9 | S.M. | Provider enrollment forms addressed to TMHP | United States Postal Service | Forms were filled out and mailed with S.M.'s name and identifiers without her consent.   S.M.'s signature was forged, and a false social security number was used. | 11/28/11 |

All in violation of Title 18, United States Codes, Sections 1341 and 2.

14

## GEORGIA M. PHILLIPS, LLC

### COUNTS TEN THROUGH FOURTEEN
### HEALTH CARE FRAUD

37.    The Grand Jury incorporates by reference paragraphs 1 through 25 and paragraph 29 as though fully restated and re-alleged herein.

38.    Beginning on or about March 1, 2009 through February 28, 2012, in the Brownsville Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the exact dates being unknown to the Grand Jury, defendants,

### BRANDON KYLE PHILLIPS
### GEORGIA MORRIS PHILLIPS
### and
### JAMES THOMAS PHILLIPS

aiding and abetting one another, did knowingly and willfully execute or attempt to execute a scheme or artifice to defraud the health care benefit program known as Texas Medicaid, or to obtain by false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of the health care benefit program known as Texas Medicaid, in connection with the delivery of, or payment for, health care benefits, items, or services. Defendants submitted, aided, abetted, counseled, commanded, induced, procured or otherwise facilitated or caused each other and others to submit false and fraudulent claims to Texas Medicaid, for medical benefits, items, and services which were not provided, including, but not limited to the following:

15

| Count | Patient | Last 4 Digits of Patient Medicaid Number | Date of Alleged Service (On or about) | Date Billed By Georgia M. Phillips, LLC (On or about) | Amount Billed by Georgia M. Phillips, LLC | Reason Claim Was False and Fraudulent |
|-------|---------|------------------------------------------|---------------------------------------|--------------------------------------------------------|--------------------------------------------|----------------------------------------|
| 10 | I.G. | 6277 | 10/11/10 | 10/14/10 | $140.00 | Therapy services were not provided.  Appointment was cancelled. |
| 11 | P.C. | 7360 | 12/13/10 | 12/24/10 | $140.00 | Georgia M. Phillips, LLC billed for more units of therapy services than which were provided. |
| 12 | C.B. | 7806 | 4/21/11 | 4/22/11 | $140.00 | Georgia M. Phillips, LLC billed for therapy services that were not provided and not supported by therapist notes and documentation. |
| 13 | A.G. | 0312 | 9/22/11 | 9/23/11 | $140.00 | Therapy services were not provided.  Appointment was cancelled due to a "doctor's appointment." |
| 14 | J.C. | 3331 | 9/26/11 | 9/30/11 | $175.00 | Georgia M. Phillips, LLC billed for more units of therapy services than which were provided. |

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT FIFTEEN
## AGGRAVATED IDENTITY THEFT

39.    The Grand Jury incorporates by reference paragraphs 1 through 25 and paragraph 29 as though fully restated and re-alleged herein.

16

40. Beginning on or about March 1, 2009 through February 28, 2012, in the Brownsville Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the exact dates being unknown to the Grand Jury, defendants,

**BRANDON KYLE PHILLIPS**
**GEORGIA MORRIS PHILLIPS**
**and**
**JAMES THOMAS PHILLIPS**

during and in relation to a felony violation of Title 18, United States Code, Section 1347, Health Care Fraud, aiding and abetting one another, did knowingly transfer, possess, or use, without lawful authority, a means of identification of another person, including but not limited to the following:

| Count | Patient | Last 4 Digits of Patient Medicaid Number | Date of Alleged Service (On or about) | Date Billed by Georgia M. Phillips, LLC (On or About) | Amount Billed by Georgia M. Phillips, LLC | Reason Claim Was False and Fraudulent | Means of ID Used Without Lawful Authority on False and Fraudulent Claim |
|---|---|---|---|---|---|---|---|
| 15 | P.L. | 9114 | 11/17/11 | 11/18/11 | $140.00 | Therapy services were not provided. Appointment was cancelled. | Patient's Medicaid Number |

All in violation of Title 18, United States Codes, Sections 1028A and 2.

A TRUE BILL

_____
FOREPERSON

KENNETH MAGIDSON
UNITED STATES ATTORNEY

_____
ASSISTANT UNITED STATES ATTOREY

17